# James Marker *vs.* Thos. J. Miller.

In an action for an assault and battery, where the altercation resulting in the assault grew out of a question of veracity between the parties, the defendant asserting that he had no conversation with the plaintiff in regard to a certain transaction, and the latter asserting that he had, the plaintiff may show that the *truth* of the matter in dispute was with him.

The fact that the assault was committed by the defendant in vindication of his truthfulness and integrity, is a mitigating circumstance, if he had the truth on his side, and hence the plaintiff may rebut it by proof, that the truth was with him.

APPEAL from the Circuit Court for Washington county.

*Trespass vi et armis* for an assault and battery, brought by the appellee against the appellant. Plea, *non cul.*

*Exception.* It was proved on the part of the plaintiff, by a witness who was present at the time, that plaintiff said to defendant, he had understood the latter was going to work only seven horses in his machine; the reply was, that this was a fact; plaintiff then said the weather was so hot he was afraid it would kill the horses, and that defendant could not get any of *their horses* (meaning his father's) unless he worked a full team of eight, for it would be too hard for seven; after some further conversation, defendant said to plaintiff: "I did not have anything to do with you about the horses; I said nothing to you on the subject; I borrowed them of your father." To this plaintiff replied: "Yes, you had a conversation with me

on the subject;" defendant said he had not; plaintiff said he had;-witness cannot say how often these contradictions were repeated: plaintiff then said something which the witness did not hear or remember, when defendant said: "If you say that again I will slap you;" after this the same assertion and contradiction were repeated, perhaps twice, when defendant said: "If you say I had anything to do with you about the horse, you lie;" plaintiff replied: "it is no use to get mad about it, for you know you did ask me for the horses; defendant again said, "if you say that we had any conversation on the subject you are a liar;" whereupon the plaintiff said, "then you lie too:" upon which defendant struck the plaintiff two blows upon the left eye, or near it, which prostrated him, and that plaintiff had for many years been blind in his right eye, and his sight by the left was very defective.

The plaintiff then, for the purpose of showing that defendant had in fact a conversation with him on the subject of borrowing the horses for the machine, offered to prove by a competent witness, that, on one or two evenings before the assault, witness was present at a conversation between plaintiff and defendant, about the latter getting horses from plaintiff, or his father, to be used in defendant's threshing machine, and that witness heard the plaintiff tell defendant he could certainly get three horses, and probably one or two more, one of which was a first rate machine horse, and worked better in that place than in any other. To the admissibility of this testimony, for the purpose offered, defendant objected, which objection the court (PERRY, J.) overruled, and the defendant excepted; and the verdict and judgment being against him for $375 damages and costs he appealed.

Further proof was offered in regard to the extent of the injury occasioned by the assault, and an exception was taken by the *plaintiff*, which need not be stated, as the judgment in his favor was affirmed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Richard H. Alvey* for the appellant argued: that the evidence proposed to be offered was wholly irrelevant to the issue. It was no part of the *res gestæ*, and the effect of such testimony was, to render the defendant odious in the estimation of the jury by stigmatising him with falsehood in relation to a matter not at all legally characterising the injury complained of. There should have been no issue made before the jury, outside of the pleadings, in regard to the character or veracity of either of the parties. 1 *Greenlf. on Ev.*, secs. 52, 55. 9 *Gill*, 251, *Marshall vs. Haney.* 3 *H. & J.*, 162, *Anderson vs. Johnson.* 5 *Md. Rep.*, 450, *Handy and Tull vs. Johnson.* 3 *Starkie on Ev.*, 1451 to 1454. 3 *Eng. C. L. Rep.*, 306, *Cooke vs. Maxwell.* 2 *Bos. & Pul.*, 224, *Watson vs. Christie.* 8 *Gill*, 144, *Miller vs. State use of Fiery.*

*Oliver Miller* for the appellee. The testimony as it stood, unexplained by that proposed to be given, showed a *provoca tion* for the assault, by words which would have materially mitigated the damages. The epithet, *"liar,"* or even an offensive and pertinacious contradiction of a statement, especially if the party making the statement is stating the *truth*, as known to both parties, is a circumstance which the jury would have the right to consider as a material mitigation of the assault. But if the party be making a false statement, then the pertinacious contradiction being the *truth* of the case, is no offence, no provocation, and no mitigation of the assault. On the other hand, an assault committed under such circumstances is *aggravated* in the extreme. It was therefore material for the plaintiff to prove, that in his contradiction of the defendant's statement he was but asserting the *truth*, and this could only be done by the testimony proposed to be given. It shows that the assault was without excuse or provocation, a fact highly material for the jury in the assessment of damages. 2 *Greenlf. on Ev.*, secs. 85, 89, 93, 267. 1 *Do.*, sec. 53. 4 *H. & J.*, 448, *Pratt vs. Ayler.*

MASON, J., delivered the opinion of this court.

The altercation in this case grew out of a question of veracity between the parties. The fact that the assault was committed

in alleged vindication of the truthfulness and integrity of the defendant, might have been regarded by the jury as a mitigating circumstance in his behalf, which it certainly would have been had such been the case. Hence it became important for the plaintiff, if he could, to rebut the force of this mitigating circumstance by showing, that the truth of the matter in dispute was with him. In this way, the testimony objected to becomes admissible.

*Judgment affirmed.*