## BUTT v. GOULD.

ASSAULT AND BATTERY.— *Damages.*—*Mitigation*— In an action to recover damages for an assault and battery, it having appeared in evidence that the injury complained of was inflicted immediately after a dispute between the parties concerning certain rent, one claiming that it was due, the other insisting that it had been paid, and each impeaching the other's veracity, the defendant offered to prove, in mitigation, that what he had said about the rent was true, and that what the plaintiff had said was false.

*Held*, that the offered evidence was properly excluded.

APPEAL from the Miami Circuit Court.

DOWNEY, J.—This action was brought by the appellee against the appellant to recover damages for an assault and battery. There were issues formed; trial by jury; verdict and judgment for plaintiff; a motion for a new trial, made by the defendant, having been overruled.

There is but a single question in the case, and that relates to the exclusion from the jury of certain evidence offered by the defendant in mitigation.

The difficulty between the parties grew out of a dispute about some house rent, which Butt claimed was due, and which Gould insisted he had paid. Each party roughly impeached the veracity of the other; and immediately following this the defendant struck and beat the plaintiff, inflicting the injuries for which the action is brought.

The plaintiff and the defendant were each allowed to go fully into all that was done and said at the time of the commission of the assault and battery. The defendant then proposed to prove that what he asserted about the rent being due was the truth, and that what the plaintiff said about his having paid it was not true. This evidence the court rejected. The defendant reserved the question by exception, and this is the point for our decision.

Mr. Sedgwick, in his work on the Measure of Damages, p. 638, with reference to the proof of circumstances in mitigation of damages in cases of this kind, says, "The defendant cannot give in evidence, in mitigation of damages, the acts

or declarations of the plaintiff at a different time, or any antecedent facts which are not fairly to be considered as part of one and the same transaction, though they may have been ever so irritating or provoking."

Prof. Greenleaf, after stating the rules with reference to the damages in such actions, says, at sec. 268, vol. 2, "It seems, therefore, that in the proof of damages, both parties must be confined to the principal trasaction complained of, and to its attendant circumstances and natural results, for these alone are put in issue," &c.

We are referred by counsel for the appellant to the case of *Marker* v. *Miller*, 9 Md. 338. The case seems to favor the position of the appellant, but the same court in *Anderson* v. *Johnson*, 3 Har. & J. 162, decided the precise point involved here, the other way.

We think the evidence offered was properly excluded.

The judgment is affirmed, with five per cent. damages and costs.

*N. O. Ross* and *R. P. Effinger*, for appellant.